UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
CEMENT MASONS' PENSION TRUST FUND -
DETROIT & VICINITY; BRICKLAYERS &
TROWEL TRADES INTERNATIONAL PENSION FUND;
CEMENT MASONS' VACATION & HOLIDAY TRUST
FUND - DETROIT & VICINITY; OUTSTATE MICHIGAN
TROWEL TRADES HEALTH AND WELFARE FUND;
PLASTERERS LOCAL 67 PENSION TRUST FUND;
and MICHIGAN OPERATIVE PLASTERERS' AND CEMENT MASONS'
INTERNATIONAL ASSOCIATION APPRENTICESHIP AND TRAINING
FUND, trust funds established and administered pursuant to federal law; and

    Plaintiffs,
v                                                        Case No.
                                                               HON.
GRAFF CONCRETE CUTTING INC.,

    Defendant.
_____/

## COMPLAINT

The above-named plaintiffs, by Watkins, Pawlick, Calati, and Prifti, PC, their attorneys, complaining against the above-named defendant, respectfully show unto this Court as follows:

1.    Plaintiffs are the Trustees of the Cement Masons' Pension Trust Fund - Detroit & Vicinity; the Bricklayers & Trowel Trades International Pension Fund; the Cement Masons' Vacation & Holiday Trust Fund - Detroit & Vicinity; the Michigan

1

Outstate Trowel Trades Health and Welfare Fund; the Plasterers Local 67 Pension Trust Fund and the Michigan Operative Plasterers' and Cement Masons' International Association Apprenticeship and Training Fund, which are trust funds established under, and administered pursuant to, Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter referred to as "LMRA"), 29 USC §186, *et seq*, and the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA"), 29 USC §1001, *et seq*, all having principal offices in this judicial district with the exception of Bricklayers & Trowel Trades International Pension Fund, which has its principal office located in the District of Columbia (Washington D.C.) and the Training Fund, which has its principal office located in Lansing, Michigan.

2. Defendant Graff Concrete Cutting Inc. is a Michigan corporation doing business in the building and construction industry, an industry affecting commerce within the meaning of 29 USC 142 and 185 and 29 USC 1002(5) and (12). Its principal place of business is in the City of Dearborn Heights, County of Wayne, State of Michigan.

3. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502 and 515 of ERISA, 29 USC §1132(a)(2), (a)(3), (g)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective

bargaining agreements entered into (or adopted) between defendant and Cement Masons Local 514, OPCMIA AFL-CIO, ("Local 514"), a labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12).

4. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132 (e)(2), the district in which defendant is located.

5. Pursuant to the aforementioned collective bargaining agreements, copies of which are in its possession, defendant was obligated to make contributions for fringe benefits (e.g., pension, vacation and holiday, annuity and health and welfare [medical care] benefits) and deductions for dues, for, or with respect to work performed by, those of its employees who were in the bargaining units represented by Local 514, which contributions should have been paid directly to the plaintiffs.

6. Defendant is also bound by the applicable trust agreements incorporated by reference in said collective bargaining agreements.

7. Pursuant to the fringe benefit provisions of the aforementioned collective bargaining agreements and the incorporated trust documents, plaintiffs are entitled to audit the books and records of defendant to verify the accuracy of the contributions made to the plaintiffs pursuant to the agreements as well as to determine the amount

of any deficiency.

8. Despite demand, defendant has failed to produce all of the books and records plaintiffs have requested to conduct and audit for the period from the work month of January, 2016 through present.

9. The amount of defendant's indebtedness, if any, for the audit period is unknown and cannot be ascertained until it submits its books and records for an updated audit.

WHEREFORE Plaintiffs pray that this Court enter judgment in their favor:

A. Adjudicating that the defendant is contractually obligated to plaintiffs pursuant to the collective bargaining agreements entered into with Local 514;

B. Ordering defendant to specifically perform according to the provisions of such collective bargaining agreements;

C. Ordering defendant to submit to the Funds any and all books and records (without any limitation whatsoever) needed by the Funds to determine the amount of their indebtedness for the period requested;

D. Awarding the Funds all amounts such audit reveals as owed by defendants to the Funds, including delinquent contributions and liquidated damages;

E. Awarding the Funds all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action pursuant to Section 502(g)(2) of ERISA,

29 USC §1132(g)(2) and Section 301 of the Labor-Management Relations Act, of 1947, as amended ("LMRA"), 29 U.S.C. §185; and

    F.    Granting the Funds any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

    Respectfully submitted,

    WATKINS, PAWLICK, CALATI & PRIFTI, PC

    By:    s/George H. Kruszewski
            GEORGE H. KRUSZEWSKI
            Attorneys for Plaintiffs
            1423 E. Twelve Mile Road
            Madison Heights, Michigan 48071
            Telephone (248) 658-0800
            Email: gkruszewski@wpcplaw.com
            (P-25857)

May 3, 2019